IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HASON RINK, | Civil No. 3:18-CV-0337 |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendant United States of America's motion for summary judgment, arguing that Plaintiff Hason Rink's Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, claim is time-barred. (Doc. 16.) Because the court agrees that Plaintiff's claim is time-barred, Defendant's motion for summary judgment is granted.

### PROCEDURAL HISTORY

Rink, a federal inmate formerly housed at the United States Penitentiary in Lewisburg ("USP Lewisburg"), filed this action on February 5, 2018, after consuming food tainted with salmonella. The United States filed a motion for summary judgment, statement of material facts, supporting brief, and exhibits on May 28, 2019. (Docs. 16–18.) Rink has neither filed a response to the United States' motion nor sought an enlargement of time to do so.

Because Rink has failed to file a brief in opposition, the United States' motion for summary judgment is deemed unopposed. *See* Pa. M.D. Local Rule 56.1. Similarly, because Rink has not filed a response to the statement of material facts filed by the United States, the court deems admitted the facts submitted by the United States. *See* Fed. R. Civ. P. 56(e); *see also* Pa. M.D. Local Rule 56.1. However, Rink's failure to respond, "is not alone a sufficient basis for the entry of summary judgment." *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). The court must still determine whether the summary judgment motion is properly supported, and whether the United States is entitled to judgment as matter of law. *See Weitzner v. Sanofi Pasteur Inc.,* 909 F.3d 604, 614 (3d Cir. 2018) (citing *Anchorage Assocs.*, 922 F.3d at 175).

### FACTUAL BACKGROUND

The Bureau of Prisons ("BOP") requires inmates to first submit an administrative tort claim to the Regional Office in the region where the basis for the claim occurred. *See* 28 C.F.R. § 543.31(c). (Doc. 17 at ¶ 1.) The BOP's denial of a claim constitutes a final administrative action. If the claimant is dissatisfied with the final action, he or she may then file suit in the appropriate United States District Court. *See* 28 C.F.R. § 543.32(g). (*Id.* at ¶ 2).

The BOP maintains a computerized database of all administrative tort claims filed from October 2007 to the present. (*Id.* at ¶ 3.) Rink filed administrative tort

claim TRT-NER-2017-01445 on December 29, 2016, alleging he contracted salmonella at USP Lewisburg. (*Id.* at ¶ 4; *see also* Doc. 18–2 at 3–4.) On June 9, 2017, the BOP denied Rink's request for $1,000,000.00 but offered to settle the matter for an alternate sum. (Doc. 17 at 4; Doc. 18–2 at 4.) Rink was advised that "[i]f the [settlement] offer [was] unacceptable, suit may be brought against the United States in the appropriate United States District Court within six (6) months of the date of [June 9, 2017] letter." (*Id.* at ¶ 6; Doc. 18–2 at 4.) The BOP received no further correspondence from Rink. (*Id.* at ¶ 7; Doc. 18–2 at 3; Knepper Decl. at 4.)

## JURISDICTION AND VENUE

Section 1346(b) of the FTCA gives federal district courts exclusive jurisdiction over claims for money damages against the United States in civil actions for loss of property, personal injury, or death caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1); *see also CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) ("[T]he FTCA itself is the source of federal courts' jurisdiction to hear tort claims made against the Government that meet various criteria."). An action under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Venue is proper in this district as

Rink claims he received the contaminated food at USP Lewisburg, which is located within this district.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 sets forth the standard and procedures for the grant of summary judgment. Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law, and is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, a court "must view the facts in the light most favorable to the non-moving party" and draw all reasonable inferences in favor of the same. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex*, 477 U.S. at 324. "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of

material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). The non-moving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322–23. "Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

## DISCUSSION

The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court." *Lomando v. United* States, 667 F.3d 363, 372 (3d Cir. 2011). Under the FTCA, the United States may be held liable for torts committed by federal employees acting within the scope of their employment "to the extent that a private employer would be liable in similar

circumstances in the same locality." *Id.* at 373 (citing 28 U.S.C. § 1346(b)(1)). There are various procedural requirements to brining a FTCA claim in federal court. *D.J.S.–W. by Stewart v. United States,* 962 F.3d 745, 749 (3d Cir. 2020). First, a claimant must present their claim to the appropriate federal agency within two years after the accrual of the claim. *Id.* at. 749 (citing *United States v. Wong*, 575 U.S. 402, 405 (2015)); *see also* 28 U.S. C. § 2401(b). The agency may then pay the claim in full, offer to settle the claim, or deny the claim within six months after it filed. *See* 28 U.S.C. § 2675(a). If the agency denies the claim or does not make a final disposition within six months, the claimant may then file suit in federal court. *D.J.S.–W by Stewart*, 962 F.3d at 749 (citing 28 U.S.C. § 2675(a)).

A tort claim against the United States, however, "shall be forever barred" unless the claimant initiates a federal action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The exhaustion requirement "is jurisdictional and cannot be waived." *Roma v. United States,* 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted). Compliance with both § 2401(b)'s limitations periods is a jurisdictional requirement. *See Sconiers v. United States*, 896 F.3d 595, 599 (3d Cir. 2018).

The United States argues that the court lacks subject matter jurisdiction over Rink's FTCA claim because Rink commenced this action on February 5, 2018, which was eight months after his administrative tort claim was denied.  As Rink received his administrative denial on June 9, 2017, he was required to file his complaint within six months from that date, or by Monday, December 11, 2017.[1]  Rink commenced this action on February 5, 2018.  (Doc. 1.)  Clearly, the complaint was filed beyond this six-month statute of limitations.  Because the statute requires the action to be commenced within six months after the date of the mailing and the action was not filed until eight months later, the complaint is untimely under 28 U.S.C. § 2401(b), and subject to dismissal based on a lack of subject matter jurisdiction.

An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  August 19, 2020

---

[1] The six-month period ended Saturday, December 9, 2017.  However, Rule 6 of the Federal Rules of Civil Procedure provides that when the last day of period concludes on a weekend or holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday.  *See* Fed. R. Civ. P. 6(a)(1)(C).  In this case, Rink's six-month filing period was extended to Monday, December 11, 2017.